UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br>CDCR #BI-0471,<br><br>                              Plaintiff,<br><br>  vs.<br><br>S. MOORE; N. NIETO; QUIJI<br>TOYODA; QUIROZ; A. CARLOS,<br>                             Defendants. | Case No.: 23-cv-00784-DMS-KSC<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**(ECF No. 2)** |

    Plaintiff Henry Desean Adams, proceeding pro se and incarcerated at Centinela State Prison ("CEN"), has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Adam alleges that when he arrived at CEN in November 16, 2022, CEN prison officials failed to correctly calculate his "estimated projected release date ("EPRD")" and he should have been released from prison in 2021. (*Id.* at 4.)

    He seeks injunctive relief "to stop all retaliatory actions, correctly calculate Plaintiff's EPRD at Warden's request" and "provide all Plaintiff's funds illegally removed out of inmate account." (*Id.* at 17.) He also seeks $6,290,000 in compensatory damages, $10,800,000 in punitive damages, and $900,000 for "pain and suffering." (*Id.*)

Adams did not pay the filing fee required to commence a new civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.) However, because Adams has had three civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief can be granted in the past, and does not allege facts to plausibly demonstrate imminent danger of serious physical injury at the time he filed his Complaint in this action, the Court **DENIES** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** his case without prejudice. Adams may still prosecute the claims alleged in this action—but to do so he must tender a new Complaint to the Clerk of the Court together with the full $402 civil filing fee 28 U.S.C. § 1914(a) requires.

## MOTION TO PROCEED IFP

### I.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Adams, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "A strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S. Ct. 1721, 1724–25 (2020).

## II.     Section 1915(g) Bar

Pursuant to Federal Rule of Evidence 201(c)(1), and based on a thorough review of federal court docket proceedings publicly available on PACER,[1] this Court finds that Plaintiff Henry Desean Adams, identified as CDCR Inmate #BI-0471, while incarcerated, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were

---

[1] A court may take judicial notice of its own records. *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Adams v. Deputy Rector,* Civil Case No. 4:18-cv-02689-YGR (N.D. Cal., August 10, 2018 Order Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e) [ECF No. 5]) (strike one);

2) *Adams v. FBI San Francisco Field Office*, Civil Case No. 4:19-cv-02977-YGR (N.D. Cal., Oct. 31, 2019 Order Dismissing Action as frivolous and for failing to state a claim [ECF No. 4]) (strike two);

3) *Adams v. California Men's Colony, et al.*, Civil Case No. 2:19-cv-08857-SB-AGR (C.D. Cal., Jan. 19, 2021 Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state a claim upon which relief may be granted [ECF No. 59]), (C.D. Cal. Jan. 26, 2021 (Order adopting F&R and dismissing case) [ECF No. 60] (strike three).

Accordingly, because Adams has accumulated more than three "strikes" permitted by § 1915(g), he must make plausible allegations of imminent danger at the time he filed his Complaint; otherwise, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Imminent Danger Exception

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

Lest the exception "swallow the rule," the Ninth Circuit also "requires a nexus between the imminent danger and the violations of law alleged in the complaint." *Ray v.*

*Lara*, 31 F.4th 692, 701 (9th Cir. 2022). "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* Based on the allegations in his Complaint, the Court finds Adams has failed to demonstrate he is entitled to Section 1915(g)'s "imminent danger" exception. *See Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## CONCLUSION

Accordingly, the Court **DENIES** Adam's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g), **DISMISSES** this civil action without prejudice based on Adam's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: May 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court